UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DOUGLAS WHITE,

                Petitioner,

      -against-

FRANK TRACY,

               Respondent.

--------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

04 Civ. 1341 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Douglas White ("petitioner"), proceeding *pro se*, has filed a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I

respectfully recommend that the Court deny the petition in its entirety.

## I.  BACKGROUND

On September 27, 2000, petitioner was charged by indictment with second

degree criminal possession of a controlled substance, third degree criminal possession

of a controlled substance, fourth degree criminal possession of marihuana and three

counts of criminally using drug paraphernalia in the second degree.  Petitioner was

arraigned on September 28, 2000, at which time he entered a plea of not guilty.  On

January 11, 2001, defense counsel filed an omnibus motion in which he argued, *inter*

*alia*, that physical evidence seized from defendant's residence should be suppressed

because the search warrant "was executed in violation of the law as per CPL Article 690

regarding the time, notice, manner of entry." <u>See</u> Response to Habeas Petition ("Response"), Exh. 3. On January 19, 2001, prior to a suppression hearing, petitioner pled guilty in satisfaction of the indictment to second degree criminal possession of a controlled substance in conjunction with the State's recommendation of a sentence of eight years to life imprisonment. <u>See</u> Response, Exh. 5. Petitioner was sentenced in accordance with his plea bargain and is presently incarcerated at the Wyoming Correctional Facility in Attica, New York.

On March 30, 2001, petitioner executed a Notice of Intention With Respect to Appeal, in which he indicated that he did not wish to appeal. <u>See</u> Response, Exh. 9. On or about June 7, 2001, petitioner filed an untimely Notice of Appeal in conjunction with a motion for an extension of time within which to take an appeal. <u>See</u> Response, Exh. 10. The Appellate Division, Third Department, denied petitioner's application on July 24, 2001. <u>See</u> Response, Exh. 12.

On or about May 9, 2001, petitioner filed a *pro se* motion to vacate the judgment pursuant to CPL § 440.10 on the grounds that: (1) physical evidence taken from petitioner's residence should be suppressed because the police broke down the front door and entered unannounced, although the search warrant did not authorize a "no knock" search; (2) trial counsel was ineffective because he (a) failed to question the aggregate weight of the cocaine, (b) ignored petitioner's demand to question the legality of the execution of the search warrant and, instead, coerced petitioner to plead guilty, (c) failed to inform petitioner of the bail order and (d) failed to discover two typographical errors in the search warrant. <u>See</u> Response, Exh. 13. By Decision and Order dated September 17, 2001, the trial court (LaBuda, J.) denied petitioner's 440.10 motion in its

2

entirety pursuant to CPL § 440.10(2)(c), having found that "the defendant could have raised this issue at sentencing or could have raised this issue on appeal.  He did neither and offers no excuse for his failure."  <u>See</u> Response, Exh. 15.

Petitioner, by and through counsel, appealed the denial of his 440.10 motion to the Appellate Division, Third Department, on the grounds that (1) the search warrant was improperly, unconstitutionally executed and (2) petitioner's trial counsel was ineffective because he failed to pursue suppression of the physical evidence.  <u>See</u> Response, Exh. 19 (Appellant's Brief and Appendix), at 8-22.  The Third Department, by Decision and Order dated December 19, 2002, affirmed the trial court's denial of petitioner's 440.10 motion.  <u>See</u> <u>People v. White</u>, 300 A.D.2d 830, 752 N.Y.S.2d 166 (3d Dep't 2002).  Specifically, the Third Department held: (1) petitioner's guilty plea was made knowingly, intelligently and voluntarily and, thus, petitioner waived all undetermined suppression issues; (2) the trial court correctly denied petitioner's 440.10 motion without a hearing because petitioner failed to raise the suppression issue prior to sentencing; and (3) petitioner received meaningful representation from trial counsel. <u>See</u> <u>id.</u> at 831-32.  The New York Court of Appeals denied petitioner leave to appeal on January 31, 2003.  <u>See</u> <u>People v. White</u>, 99 N.Y.2d 586, 785 N.E.2d 744, 755 N.Y.S.2d 722 (2003).  Petitioner thereafter sought reconsideration, which the Court of Appeals denied on March 31, 2003.  <u>See</u> <u>People v. White</u>, 99 N.Y.2d 633, 790 N.E.2d 289, 760 N.Y.S.2d 115 (2003).

On or about December 15, 2003, petitioner timely filed the instant Petition for a Writ of Habeas Corpus, wherein he asserts the same arguments he raised on appeal to the Third Department.

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  See 28 U.S.C. § 2254(a).  Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."   28 U.S.C. § 2254(e)(1).


## III.  FOURTH AMENDMENT CLAIM:  PROCEDURAL BAR

Petitioner contends that he is entitled to habeas relief because the police illegally and improperly executed the search warrant for his residence.  Petitioner presented this

argument to the Third Department on appeal from the denial of his 440.10 motion; the

Third Department affirmed petitioner's judgment of conviction and stated, *inter alia*,

> We first note that defendant makes no claim challenging the efficacy of his plea or waiver of appeal. Indeed, our review of these proceedings satisfies us that the plea and waiver of appeal were made knowingly, intelligently and voluntarily. As a consequence, entry of the guilty plea constitutes an affirmative waiver of all undetermined suppression issues.

See People v. White, 300 A.D.2d at 831-32 (citations omitted). Thus, the Third

Department did not evaluate the merits of petitioner's Fourth Amendment claim; instead,

the Appellate Division rejected petitioner's claim on New York State procedural grounds.

Federal habeas corpus review of a state court's denial of a state prisoner's

federal constitutional claim is barred if the state court's decision rests on an

independent and adequate state procedural ground, unless the petitioner can

demonstrate cause for the procedural default and actual prejudice resulting from the

alleged constitutional violation, or show "that failure to consider the claims will result in a

fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is

"based on a rule that is firmly established and regularly followed by the state in

question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and

citation omitted). Further, the adequacy of a state procedural bar must be examined in

the context of "the specific circumstances presented in the case, an inquiry that includes

an evaluation of the asserted state interest in applying the procedural rule in such

circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the

Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the Third Department clearly relied on an "independent" state procedural rule in denying petitioner's Fourth Amendment claim. Moreover, applying the Cotto "guideposts" to petitioner's case, the procedural bar relied on by the Appellate Division is one that is "firmly established and regularly followed" and, thus, "adequate." In the first instance, the Third Department "actually relied on" the state procedural rule when it found that petitioner affirmatively waived all undetermined suppression issues upon entering his guilty plea. Further, it is well-settled under New York law that "[u]pon entering a plea of guilty, a defendant waives all undetermined suppression issues." People v. Berezansky, 229 A.D.2d 768, 771, 646 N.Y.S.2d 574 (3d Dep't 1996). See also People v. Atwood, 9 A.D.3d 512, 779 N.Y.S.2d 646 (3d Dep't 2004); People v. Fuller, 245 A.D.2d 987, 667 N.Y.S.2d 126 (3d Dep't 1997); People v. Sides, 242 A.D.2d 750, 661 N.Y.S.2d 863 (3d Dep't 1997). Finally, there is no argument that petitioner "substantially complied" with the state procedural rule. Therefore, the Third Department's denial of petitioner's Fourth Amendment claim rested on an independent and adequate state procedural ground.

Because there is an adequate and independent finding by the state court that petitioner procedurally defaulted on the Fourth Amendment claim he now asserts as grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for

the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has made no claim of actual innocence amounting to a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Therefore, he may circumvent the procedural bar on habeas review of his Fourth Amendment claim only by demonstrating both cause and prejudice.

"Cause" may be established by showing that either (1) the factual or legal basis for the claim was not reasonably available, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel. See Bossett, 41 F.3d at 829. Here, petitioner attributes the cause of his procedural default to ineffective assistance of trial counsel; specifically, petitioner argues that he had a winning suppression motion which trial counsel failed to pursue.

Generally, a claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000) (quotation and citation omitted). Petitioner presented this argument to the Third Department on appeal from the denial of his 440.10 motion; the Third Department affirmed petitioner's judgment of conviction and stated, *inter alia*,

> Defendant's sole argument is that the failure to hold the suppression hearing constituted ineffective assistance of counsel. He does not argue that ineffective assistance of counsel rendered his guilty plea involuntary. His present argument overlooks his waiver of all undetermined suppression issues, his statement to County Court that he was satisfied with his attorney's legal advice, and the benefits flowing to defendant and his family resulting from the nonforfeiture of their home and vehicles.

> These factors, when viewed in the totality and at the time of
> representation, bring us to the conclusion that defendant received
> meaningful representation.  Indeed, defendant himself recognized the
> value of the plea agreement by expressly acknowledging his desire to
> raise these issues regarding the search warrant so long as the plea
> bargain was not disturbed.  Accordingly, we are unpersuaded that
> defendant, as he now claims, received ineffective assistance of counsel.

See People v. White, 300 A.D.2d at 832 (citations omitted).  Petitioner also raises the

ineffective assistance of trial counsel as an independent claim in support of habeas

relief.


## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In order to establish his claim of ineffective assistance of trial counsel, petitioner

must demonstrate (1) that his attorney's performance "fell below an objective standard

of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's

error, "the result of the proceeding would have been different."  Strickland v.

Washington, 466 U.S. 668, 694 (1984).  More specifically, in order to satisfy the

"prejudice" prong of the Strickland test, petitioner must show a reasonable probability

that "but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial."  Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).  The Second Circuit

generally "requires some objective evidence other than defendant's assertions to

establish prejudice."  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2001).  Further,

"[t]he *Strickland* standard is rigorous, and the great majority of habeas petitions that

allege constitutionally ineffective counsel founder on that standard."  Lindstadt v. Keane,

239 F.3d 191, 199 (2d Cir. 2001).

Here, petitioner has not shown that his trial counsel's conduct was unreasonable

under prevailing standards of professional norms.  See Strickland, 466 U.S. at 694.  It is clear from the record that petitioner was aware of the suppression argument before deciding to plead guilty.  Further, petitioner's trial counsel secured a favorable plea bargain which limited petitioner's sentence and also protected his assets from forfeiture. Petitioner's counsel's advice to plead guilty and any advice not to pursue the suppression motion was, at most, a defense strategy.  It is not the province of the reviewing habeas court to second guess an attorney's judgment call as to which defense strategy was the most reasonable.  See id. at 689; Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995).

Furthermore, even if petitioner's trial counsel had acted unreasonably, petitioner fails to demonstrate the requisite prejudice.  In the first instance, by virtue of his plea agreement, petitioner guaranteed that he would not be subject to the maximum sentence of twelve-and-one-half years to life.  "No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial."  Feliz v. United States, No. 01 Civ. 5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002).  Moreover, during his plea allocution, petitioner stated that he understood he was waiving his right to have a suppression hearing and he was satisfied with his trial counsel's legal advice.  See Response, Exh. 5, at 7, 9.  Finally, nothing in the record indicates that petitioner desired to forego the plea offer and take the matter to trial. Under the deferential AEDPA review standard, the Appellate Division's decision was neither contrary to, nor an unreasonable application of, federal law.  As a result, petitioner cannot establish a Sixth Amendment ineffective assistance of trial counsel claim, nor can he show cause for procedurally defaulting his Fourth Amendment claim.

Accordingly, I conclude, and respectfully recommend, that petitioner's claims for habeas relief must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VI.  NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Small v, Secretary of H.H.S., 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DOUGLAS WHITE,

                                    Petitioner,

                    -against-

FRANK TRACY,

                                    Respondent.
--------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:

**REPORT AND
RECOMMENDATION**

04 Civ. 1341 (SCR) (GAY)

TO THE HONORABLE STEPHEN C. ROBINSON, United States District Judge:

Petitioner Douglas White ("petitioner"), proceeding *pro se*, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

## I. BACKGROUND

On September 27, 2000, petitioner was charged by indictment with second degree criminal possession of a controlled substance, third degree criminal possession of a controlled substance, fourth degree criminal possession of marihuana and three counts of criminally using drug paraphernalia in the second degree. Petitioner was arraigned on September 28, 2000, at which time he entered a plea of not guilty. On January 11, 2001, defense counsel filed an omnibus motion in which he argued, *inter alia*, that physical evidence seized from defendant's residence should be suppressed because the search warrant "was executed in violation of the law as per CPL Article

690 regarding the time, notice, manner of entry." <u>See</u> Response to Habeas Petition ("Response"), Exh. 3. On January 19, 2001, prior to a suppression hearing, petitioner pled guilty in satisfaction of the indictment to second degree criminal possession of a controlled substance in conjunction with the State's recommendation of a sentence of eight years to life imprisonment. <u>See</u> Response, Exh. 5. Petitioner was sentenced in accordance with his plea bargain and is presently incarcerated at the Wyoming Correctional Facility in Attica, New York.

On March 30, 2001, petitioner executed a Notice of Intention With Respect to Appeal, in which he indicated that he did not wish to appeal. <u>See</u> Response, Exh. 9. On or about June 7, 2001, petitioner filed an untimely Notice of Appeal in conjunction with a motion for an extension of time within which to take an appeal. <u>See</u> Response, Exh. 10. The Appellate Division, Third Department, denied petitioner's application on July 24, 2001. <u>See</u> Response, Exh. 12.

On or about May 9, 2001, petitioner filed a *pro se* motion to vacate the judgment pursuant to CPL § 440.10 on the grounds that: (1) physical evidence taken from petitioner's residence should be suppressed because the police broke down the front door and entered unannounced, although the search warrant did not authorize a "no knock" search; (2) trial counsel was ineffective because he (a) failed to question the aggregate weight of the cocaine, (b) ignored petitioner's demand to question the legality of the execution of the search warrant and, instead, coerced petitioner to plead guilty, (c) failed to inform petitioner of the bail order and (d) failed to discover two typographical errors in the search warrant. <u>See</u> Response, Exh. 13. By Decision and Order dated September 17, 2001, the trial court (LaBuda, J.) denied petitioner's 440.10

2

motion in its entirety pursuant to CPL § 440.10(2)(c), having found that "the defendant could have raised this issue at sentencing or could have raised this issue on appeal. He did neither and offers no excuse for his failure." See Response, Exh. 15.

Petitioner, by and through counsel, appealed the denial of his 440.10 motion to the Appellate Division, Third Department, on the grounds that (1) the search warrant was improperly, unconstitutionally executed and (2) petitioner's trial counsel was ineffective because he failed to pursue suppression of the physical evidence. See Response, Exh. 19 (Appellant's Brief and Appendix), at 8-22. The Third Department, by Decision and Order dated December 19, 2002, affirmed the trial court's denial of petitioner's 440.10 motion. See People v. White, 300 A.D.2d 830, 752 N.Y.S.2d 166 (3d Dep't 2002). Specifically, the Third Department held: (1) petitioner's guilty plea was made knowingly, intelligently and voluntarily and, thus, petitioner waived all undetermined suppression issues; (2) the trial court correctly denied petitioner's 440.10 motion without a hearing because petitioner failed to raise the suppression issue prior to sentencing; and (3) petitioner received meaningful representation from trial counsel. See id. at 831-32. The New York Court of Appeals denied petitioner leave to appeal on January 31, 2003. See People v. White, 99 N.Y.2d 586, 785 N.E.2d 744, 755 N.Y.S.2d 722 (2003). Petitioner thereafter sought reconsideration, which the Court of Appeals denied on March 31, 2003. See People v. White, 99 N.Y.2d 633, 790 N.E.2d 289, 760 N.Y.S.2d 115 (2003).

On or about December 15, 2003, petitioner timely filed the instant Petition for a Writ of Habeas Corpus, wherein he asserts the same arguments he raised on appeal to the Third Department.

3

## II. STANDARD OF REVIEW

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996, which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes, in pertinent part, that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Further, pursuant to 28 U.S.C. § 2254(d)(2), a federal court may grant habeas relief when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." To the extent that a habeas petition challenges factual findings, "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## III. FOURTH AMENDMENT CLAIM: PROCEDURAL BAR

Petitioner contends that he is entitled to habeas relief because the police illegally and improperly executed the search warrant for his residence. Petitioner presented this

argument to the Third Department on appeal from the denial of his 440.10 motion; the

Third Department affirmed petitioner's judgment of conviction and stated, *inter alia*,

> We first note that defendant makes no claim challenging the
> efficacy of his plea or waiver of appeal. Indeed, our review of these
> proceedings satisfies us that the plea and waiver of appeal were made
> knowingly, intelligently and voluntarily. As a consequence, entry of the
> guilty plea constitutes an affirmative waiver of all undetermined
> suppression issues.

See People v. White, 300 A.D.2d at 831-32 (citations omitted). Thus, the Third

Department did not evaluate the merits of petitioner's Fourth Amendment claim;

instead, the Appellate Division rejected petitioner's claim on New York State procedural

grounds.

Federal habeas corpus review of a state court's denial of a state prisoner's

federal constitutional claim is barred if the state court's decision rests on an

independent and adequate state procedural ground, unless the petitioner can

demonstrate cause for the procedural default and actual prejudice resulting from the

alleged constitutional violation, or show "that failure to consider the claims will result in a

fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

See Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural bar is "adequate" if it is

"based on a rule that is firmly established and regularly followed by the state in

question." Garcia v. Lewis, 188 F.3d 71, 77 (2d Cir. 1999) (internal quotation and

citation omitted). Further, the adequacy of a state procedural bar must be examined in

the context of "the specific circumstances presented in the case, an inquiry that

includes an evaluation of the asserted state interest in applying the procedural rule in

such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end,

5

the Second Circuit has set forth the following "guideposts":

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).

Here, the Third Department clearly relied on an "independent" state procedural rule in denying petitioner's Fourth Amendment claim. Moreover, applying the Cotto "guideposts" to petitioner's case, the procedural bar relied on by the Appellate Division is one that is "firmly established and regularly followed" and, thus, "adequate." In the first instance, the Third Department "actually relied on" the state procedural rule when it found that petitioner affirmatively waived all undetermined suppression issues upon entering his guilty plea. Further, it is well-settled under New York law that "[u]pon entering a plea of guilty, a defendant waives all undetermined suppression issues." People v. Berezansky, 229 A.D.2d 768, 771, 646 N.Y.S.2d 574 (3d Dep't 1996). See also People v. Atwood, 9 A.D.3d 512, 779 N.Y.S.2d 646 (3d Dep't 2004); People v. Fuller, 245 A.D.2d 987, 667 N.Y.S.2d 126 (3d Dep't 1997); People v. Sides, 242 A.D.2d 750, 661 N.Y.S.2d 863 (3d Dep't 1997). Finally, there is no argument that petitioner "substantially complied" with the state procedural rule. Therefore, the Third Department's denial of petitioner's Fourth Amendment claim rested on an independent and adequate state procedural ground.

Because there is an adequate and independent finding by the state court that petitioner procedurally defaulted on the Fourth Amendment claim he now asserts as

grounds for habeas relief, petitioner must demonstrate in his habeas petition "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner has made no claim of actual innocence amounting to a miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 496 (1986). Therefore, he may circumvent the procedural bar on habeas review of his Fourth Amendment claim only by demonstrating both cause and prejudice.

"Cause" may be established by showing that either (1) the factual or legal basis for the claim was not reasonably available, (2) some interference by state officials made compliance with the procedural rule impracticable, or (3) the procedural default was the result of ineffective assistance of counsel. See Bossett, 41 F.3d at 829. Here, petitioner attributes the cause of his procedural default to ineffective assistance of trial counsel; specifically, petitioner argues that he had a winning suppression motion which trial counsel failed to pursue.

Generally, a claim of ineffective assistance of counsel "must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 120 S. Ct. 1587, 1591 (2000) (quotation and citation omitted). Petitioner presented this argument to the Third Department on appeal from the denial of his 440.10 motion; the Third Department affirmed petitioner's judgment of conviction and stated, *inter alia*,

> Defendant's sole argument is that the failure to hold the suppression
> hearing constituted ineffective assistance of counsel. He does not argue
> that ineffective assistance of counsel rendered his guilty plea involuntary.
> His present argument overlooks his waiver of all undetermined
> suppression issues, his statement to County Court that he was satisfied

7

> with his attorney's legal advice, and the benefits flowing to defendant and
> his family resulting from the nonforfeiture of their home and vehicles.
> These factors, when viewed in the totality and at the time of
> representation, bring us to the conclusion that defendant received
> meaningful representation. Indeed, defendant himself recognized the
> value of the plea agreement by expressly acknowledging his desire to
> raise these issues regarding the search warrant so long as the plea
> bargain was not disturbed. Accordingly, we are unpersuaded that
> defendant, as he now claims, received ineffective assistance of counsel.

See People v. White, 300 A.D.2d at 832 (citations omitted). Petitioner also raises the

ineffective assistance of trial counsel as an independent claim in support of habeas

relief.


## IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In order to establish his claim of ineffective assistance of trial counsel, petitioner

must demonstrate (1) that his attorney's performance "fell below an objective standard

of reasonableness" and (2) that there is a "reasonable probability" that, but for counsel's

error, "the result of the proceeding would have been different." Strickland v.

Washington, 466 U.S. 668, 694 (1984). More specifically, in order to satisfy the

"prejudice" prong of the Strickland test, petitioner must show a reasonable probability

that "but for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). The Second Circuit

generally "requires some objective evidence other than defendant's assertions to

establish prejudice." Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2001). Further,

"[t]he Strickland standard is rigorous, and the great majority of habeas petitions that

allege constitutionally ineffective counsel founder on that standard." Lindstadt v.

Keane, 239 F.3d 191, 199 (2d Cir. 2001).

Here, petitioner has not shown that his trial counsel's conduct was unreasonable under prevailing standards of professional norms. See Strickland, 466 U.S. at 694. It is clear from the record that petitioner was aware of the suppression argument before deciding to plead guilty. Further, petitioner's trial counsel secured a favorable plea bargain which limited petitioner's sentence and also protected his assets from forfeiture. Petitioner's counsel's advice to plead guilty and any advice not to pursue the suppression motion was, at most, a defense strategy. It is not the province of the reviewing habeas court to second guess an attorney's judgment call as to which defense strategy was the most reasonable. See id. at 689; Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995).

Furthermore, even if petitioner's trial counsel had acted unreasonably, petitioner fails to demonstrate the requisite prejudice. In the first instance, by virtue of his plea agreement, petitioner guaranteed that he would not be subject to the maximum sentence of twelve-and-one-half years to life. "No prejudice exists when a plea agreement lessens the severity of the sentence the defendant would face if convicted at trial." Feliz v. United States, No. 01 Civ. 5544, 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002). Moreover, during his plea allocution, petitioner stated that he understood he was waiving his right to have a suppression hearing and he was satisfied with his trial counsel's legal advice. See Response, Exh. 5, at 7, 9. Finally, nothing in the record indicates that petitioner desired to forego the plea offer and take the matter to trial. Under the deferential AEDPA review standard, the Appellate Division's decision was neither contrary to, nor an unreasonable application of, federal law. As a result,

petitioner cannot establish a Sixth Amendment ineffective assistance of trial counsel claim, nor can he show cause for procedurally defaulting his Fourth Amendment claim. Accordingly, I conclude, and respectfully recommend, that petitioner's claims for habeas relief must be dismissed.

## V. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant petition for a writ of habeas corpus be denied in its entirety.

## VI. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have ten (10) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have thirteen (13) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(e). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said Courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Small v,

<u>Secretary of H.H.S.</u>, 892 F.2d 5, 16 (2d Cir. 1989).

Requests for extensions of time to file objections must be made to the Honorable

Stephen C. Robinson and not to the undersigned.


Dated: November ____, 2005            Respectfully Submitted,
       White Plains, New York

_____
GEORGE A. YANTHIS
UNITED STATES MAGISTRATE JUDGE